**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Geary W. Walton, | ) | No. CV-10-2206-PHX-FJM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, | ) | |
| Defendant. | ) | |

This matter arises on Plaintiff's Motion for Appointment of Counsel. (Doc. 28) For the reasons set forth below, the Court will deny the motion to appoint counsel.

## **APPOINTMENT OF COUNSEL**

In a civil case, there is no constitutional right to appointment of counsel. *Johnson v. U.S. Department of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(d). The statute gives the trial court broad discretion to determine whether appointment of counsel is warranted, but the Ninth Circuit has limited the exercise of that power to exceptional circumstances. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *United States ex rel. Gardner v. Madden*, 352 F.2d 792 (9th Cir. 1965). Other circuits agree. *See e.g., Lovado v. Keohane,* 992 F.2d 601, 605-05 (6th Cir. 1993); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); *Cook v.Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

In determining whether to appoint counsel, the district court should consider the likelihood of success on the claim's merits and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Other factors include: (1) Plaintiff's education, literacy, prior work experience, and prior litigation experience; (2) whether Plaintiff is a prisoner and whether any restraints are placed on the prisoner to present her case; (3) the complexity of the underlying legal issues; (4) whether the case entails a need for factual investigation; (5) Plaintiff's ability to carry out such investigation; (6) the likelihood that a claim will involve substantial discovery and compliance with complex discovery rules; and (7) whether credibility determinations are involved that may require the experience of one trained in the presentation of evidence and cross-examination. *Tabron v. Grace*, 6 F.3d 147 (3rd Cir. 1993). However, the court must temper these considerations with the practical restraints imposed by the small number of attorneys willing to represent indigent parties without compensation and the court's inability to require counsel to undertake such representation. *Id*. at 157.

After considering all the relevant factors - including that Plaintiff's ability to express himself in writing, the uncomplicated nature of the claims, and the fact that it is too early in the litigation for the Court to determine the likelihood of success on the merits - the Court concludes that exceptional circumstances are not present and appointment of counsel is not warranted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel, doc. 28, is **DENIED** without prejudice.

DATED this 15th day of August, 2011.

Lawrence O. Anderson
United States Magistrate Judge